STATEMENT

## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | Case No. | 19 B 31037 |
|---|---|---|---|
| **DATE** | November 13, 2020 | **ADVERSARY NO.** | 20 A 00070 |
| **CASE TITLE** | State of Indiana v. OBanner | | |

**DOCKET ENTRY TEXT**

Debtor Antonio OBanner's Motion for Contempt is denied.

**[For further details see text below.]**

STATEMENT

Antonio OBanner, the debtor in this chapter 7 case, filed a motion for contempt against the State of Indiana. He alleges that the State violated the automatic stay before he received his discharge and now violates the discharge injunction by pursuing a criminal case against him related to unemployment benefits that the State claims he received through fraud. The motion is denied.

1. Background

According to an adversary complaint filed by the State, OBanner applied for and received unemployment benefits from the State from September 2009 until January 2012 while he was employed and therefore not eligible to receive them. The State opened a fraud investigation and determined that OBanner had fraudulently obtained the benefits. OBanner did not appeal this determination so it became final.

**STATEMENT**

In March of 2014, the Lake County, Indiana prosecutor charged OBanner with criminal welfare fraud, a Class C felony under Indiana law. According to the probable cause affidavit, OBanner applied for unemployment benefits from the State in 2009 and received weekly benefits for almost two and a half years. During that time, he filed weekly statements certifying that he continued to be unemployed. Four months after he stopped receiving benefits, the State discovered that he had been employed while claiming benefits. The State alleges that he received more than $42,000 in benefits for which he did not qualify. A warrant was issued for his arrest in 2014 and served on him in July 2016. The criminal case is still open and unresolved.

OBanner filed a chapter 7 bankruptcy case in October 2019 and received a discharge of his debts in February 2020. The State filed an adversary proceeding seeking a determination that the debt established in the administrative proceeding is not dischargeable under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), because it arose from OBanner's fraud. The State also sought a determination that the penalty portion of the debt is not dischargeable under § 523(a)(7) of the Bankruptcy Code, 11 U.S.C. § 523(a)(7). OBanner moved to dismiss the complaint, arguing in part that the 6-year statute of limitations for collecting the debt had passed. The State then filed a motion to voluntarily dismiss the complaint, which was granted. The adversary proceeding was closed.

In June 2020, OBanner filed the motion now before the court in the closed adversary proceeding. He seeks an order finding the State in contempt for violating the automatic stay in 11 U.S.C. § 362(a) and for violating the discharge injunction in 11 U.S.C. § 524(a). He also seeks damages under § 362(k) for emotional distress arising from the alleged stay violation. OBanner alleges that the State notified him of court dates in the criminal case on January 8, March 4, March 10, April 22, and June 10, 2020. He claims that the State threatened him with arrest and incarceration if he did not appear for those hearings.

The State initially filed a bare-bones response to the motion raising procedural issues and asserting without authority that it could proceed under the "automatic" exception to discharge in §523(a)(7). The undersigned judge asked the clerk of court to seek counsel for OBanner from the court's panel of volunteer attorneys. The clerk found an attorney who agreed to represent OBanner on a *pro bono* basis. That attorney filed an appearance for OBanner and appeared at two hearings on his behalf. The attorney stated at the second hearing, however, that OBanner had terminated his employment. The lawyer then filed a motion to withdraw from his representation of OBanner, which was granted.

In the meantime, the State filed a supplemental response to OBanner's motion. The State argues that its pre-discharge prosecution of the criminal case was permitted under the exceptions to the automatic stay in §§ 362(b)(1) and (b)(4) of the Bankruptcy Code. It also argues that the discharge injunction does not apply to criminal proceedings and that the "automatic" exception

**STATEMENT**

to discharge for criminal restitution awards under § 523(a)(7) applies to any restitution award it may obtain in the future. The criminal case has not been resolved yet but OBanner argues that the State has been pressuring him to enter into a plea agreement, part of which he attached to his reply brief. It provides for a 2-year suspended sentence and requires payment of restitution of $74,054.40, the amount the State contends OBanner obtained through fraud plus penalties.

The State is correct on both of its substantive arguments. First, the exception to the automatic stay in § 362(b)(1) applied to the criminal proceeding so the State was free to pursue it without violating the stay. Second, the discharge injunction does not apply to stop OBanner's criminal proceeding.

2. <u>Procedural Issues</u>

As a preliminary matter, the State raises some procedural issues regarding OBanner's motion. First, it argues that he improperly filed the motion in the State's closed adversary proceeding when he should have moved to reopen his bankruptcy case and filed the motion in that case. The State is correct. Motions to enforce the automatic stay and discharge injunction should be filed in the main bankruptcy case, not in a closed adversary proceeding. OBanner is appearing *pro se*, however, and the motion has been fully briefed. The court will not require him to move to reopen the bankruptcy case and re-file his motion there. Instead, the court will direct the clerk to file all the documents related to OBanner's motion in the bankruptcy case.

Second, the State argues that, to the extent OBanner seeks a determination that any restitution order entered in the future in his criminal case would be dischargeable under § 523(a)(7), he should have requested that relief by filing an adversary proceeding as required by Rule 7001(6) of the Federal Rules of Bankruptcy Procedure. OBanner has not directly sought a determination under § 523(a)(7). He has not discussed this exception to discharge in any of the documents he filed with the court. An adversary proceeding is not required for the relief OBanner seeks in his motion.

Finally, the State complains that OBanner should have had to pay a fee to reopen his bankruptcy case. The State has no standing to make this argument. The court granted OBanner's application to waive the filing fee for his bankruptcy case so the reopening fee would have been waived as well.

3. <u>Automatic Stay</u>

OBanner contends that the State's continued prosecution of the criminal case against him while the automatic stay was in effect violated the stay. At least one of the court dates and accompanying threats of arrest took place during OBanner's bankruptcy case when the automatic

## STATEMENT

stay was in effect.[1] A debtor alleging a violation of the stay and seeking damages under § 362(k)(1) must establish, by a preponderance of the evidence, that: (1) a bankruptcy petition was filed; (2) the debtor is an individual under the automatic stay provision; (3) the creditor had notice of the petition; (4) the creditor's actions were in willful violation of the stay; and (5) the debtor suffered damages. *In re Sori*, 513 B.R. 728, 732 (Bankr. N.D. Ill. 2014).

The State does not deny that the stay was in effect during OBanner's bankruptcy case or that it had notice of the case. It argues that two exceptions to the stay - in §§ 362(b)(1) and 362(b)(4) - applied to the criminal case so there was no stay violation. The State is correct. The stay did not apply to the criminal case.

Section 362(b)(1) provides that the stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). There is no question that the State's case against OBanner is a criminal proceeding. He is charged with the Class C Felony of Welfare fraud. The exception in § 362(b)(1) clearly applies to that case.

Section 362(b)(4) provides that there is no stay of an action or proceeding by a governmental unit to enforce that unit's police and regulatory power, including the enforcement of a judgment other than a money judgment. This exception also most likely applies to OBanner's criminal case but the court need not address it because the exception in § 362(b)(1) undoubtedly applies.

The State did not violate the stay by proceeding with the criminal case against OBanner. He has no claim for damages based on an alleged stay violation.

4.   <u>Discharge Injunction</u>

OBanner also seeks an order of contempt for violation of the discharge injunction. He claims that the State's continued prosecution of the criminal case after he received his discharge violates the discharge injunction in § 524(a) of the Bankruptcy Code. He argues that the criminal case against him is essentially an action to collect the debt he owed the State from the administrative proceeding, which he contends was discharged in his bankruptcy case. He says the State is pressing him to enter into a plea agreement that includes a restitution award for the very debt that was discharged. He therefore contends that the criminal case is an action to collect on a discharged debt that violates the discharge injunction. This is not correct.

---

[1]The automatic stay comes into effect when the bankruptcy petition is filed. 11 U.S.C. § 362(a). The stay remains in effect in an individual's case until the discharge is entered, after which the discharge injunction applies. 11 U.S.C. §§ 362(c)(2)(C), 524(a).

**STATEMENT**

Nothing in the discharge injunction provisions enjoins a criminal proceeding, even one that arises from conduct that created a pre-petition debt. *Kelly v. Robinson,* 479 U.S. 36, 47, 107 S.Ct. 353 (1986); 11 U.S.C. § 524(a). The court has not expressly determined whether the debt owed by OBanner was discharged in the bankruptcy case,[2] and it need not make that determination to decide the issue regarding the discharge injunction. Assuming that at least the portion of the debt OBanner owed to the State based on the amount of benefits he received as determined in the administrative proceeding was discharged, this does not stop the State from prosecuting him for the alleged crime of welfare fraud regarding the same unemployment benefits. As *Kelly* makes clear, the state's criminal proceeding against OBanner is not affected by the bankruptcy case.

In *Kelly,* the Supreme Court held that a restitution payment imposed as a condition of probation in a state criminal proceeding for welfare fraud was nondischargeable under § 523(a)(7). The debtor had wrongfully received $9000 in welfare benefits and was convicted of a larceny under Connecticut law. She was sentenced to prison but the judge suspended the sentence and placed her on probation. As a condition of probation, the court ordered monthly restitution payments. She then received a chapter 7 discharge of her debts and filed an adversary proceeding seeking a determination that the restitution debt was discharged under § 523(a)(7). The Court rejected her argument, holding that the debt was "automatically" not discharged under § 523(a)(7). The Court interpreted § 523(a)(7) "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." *Id*. at 44. It also considered the importance of "the flexibility of state criminal judges in choosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems." *Id*. at 49. The Court quoted with approval a bankruptcy court decision explaining that restitution debt is not dischargeable even when the amount that must be paid "precisely matched the victim's loss." *Id*. at 41. This is because restitution is fundamentally different from an ordinary debt; the goal of restitution is to promote the rehabilitation of the offender, not to compensate the victim. *Id*. The Court concluded: "we hold that § 527(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Id.* at 50.

---

[2]As explained below on page 6, the State had to file an adversary proceeding within a short time limit to obtain a determination that the debt was nondischargeable based on fraud under § 523(a)(2)(A). The State filed a timely adversary proceeding under that provision but it voluntarily dismissed it so the State cannot contend that the debt was not discharged under § 523(a)(2)(A). The exception to discharge in § 523(a)(7), however, which could apply to the penalty portion of the underlying debt, is "automatic." There is no need for a court determination regarding dischargeability under that provision.

-5-

**STATEMENT**

*Kelly* leaves no doubt that the State is free to pursue its criminal action against OBanner without regard to whether any part of the debt owed to the State through the administrative proceeding was discharged.

The state court in OBanner's criminal case has not entered an order requiring restitution. Technically, therefore, the question of the dischargeability of any future restitution order is not ripe - no restitution is currently owed and there is no order to interpret. It should be noted, however, that if restitution is ordered in the future, under *Kelly*, the State will not need to get a court determination that the restitution debt is nondischargeable under § 523(a)(7). The *Kelly* court explained that a creditor must file an adversary proceeding to contest the dischargeability of debts under §§ 523(a)(2), (a)(4), and (a)(6). There is no such obligation for debts discharged under § 523(a)(7); they are "automatically" not discharged. *Id*. at 42-43, n.4.

Thus, the bottom line here is that: (1) the State is free to pursue its criminal case against OBanner, (2) it is free to seek an order of restitution in that case, and (3) it will not need to obtain a court determination regarding the nondischargeability under § 523(a)(7) of any restitution obligation that may be imposed in that case.

5.  Conclusion

OBanner has failed to present any valid basis for concluding that the State has violated the automatic stay or the discharge injunction. His motion for contempt is denied

Dated: November 13, 2020

ENTERED:

Carol A. Doyle
United States Bankruptcy Judge